# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIKA SILVANA M. L., | Case No. 26-cv-937 (LMP/DJF) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

Jason L Schellack, **Autism Advocacy & Law Center, LLC, Minneapolis, MN**, for Petitioner.

David R. Hackworthy, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Erika Silvana M. L. is a citizen of Ecuador who entered the United States first in October 2020 and has lived continuously in the United States since August 12, 2023. ECF No. 1 ¶ 13. Erika Silvana M. L. has a pending asylum application and does not have a final order of removal. *Id.* ¶ 14. She was arrested by immigration officers on December 21, 2025, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 17. She asserts that Respondents (the "Government") have detained her pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 29.

Erika Silvana M. L. contends that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶¶ 29–31. She also contends that she is not subject to discretionary detention under 8 U.S.C. § 1226(a) because the Government has not issued a warrant. *See id.* ¶ 54. Erika Silvana M. L. now brings this verified petition for writ of habeas corpus seeking immediate release. See ECF No. 1.

The Court ordered the Government to answer the petition no later than February 4, 2026. ECF No. 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id*. at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)).

The Government timely responded and agrees with Erika Silvana M. L. that her case is not legally or factually distinguishable from those this Court has already decided. ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)] . . . and respectfully request that the Court preserve those arguments for any appeal in this case." *Id.* Given the Government's candid acknowledgement that the issues raised are not distinguishable from those addressed in this Court's prior decisions, the Court concludes that Erika Silvana M. L. is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions

2

of Section 1226(a) for the same reasons articulated in this Court's prior orders.  *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at \*4; *Victor Hugo D. P.*, 2025 WL 3688074, at \*2–3.

The Court has also concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued the petitioner a warrant justifying the detention in the first place. *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at \*2–3 (D. Minn. Jan. 21, 2026).  If the Government does not do so, immediate release is the appropriate remedy.  *Id.*  The Government makes no mention of Erika Silvana M. L.'s argument that her detention is warrantless.  Accordingly, because the Government does not assert any argument that it has provided Erika Silvana M. L. with a warrant or advance any argument that Erika Silvana M. L.'s detention is appropriate under Section 1226(a) without one, the Court will grant the petition and order Erika Silvana M. L.'s immediate release.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Erika Silvana M. L.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

   a.   Erika Silvana M. L.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

   b.   The Government is **ORDERED** to release Erika Silvana M. L. from custody by no later than 5:00 p.m. on Friday, February 6, 2026;

   c.   The Government is **ORDERED** to release Erika Silvana M. L. without imposing any conditions of release; and

3

   d.  The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Saturday, February 7, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2026      *s/ Laura M. Provinzino*
                   Laura M. Provinzino
                   United States District Judge